UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **WINFRED JAVON TURNER** | CIVIL ACTION |
| **VERSUS** | NO. 18-9897 |
| **BP EXPLORATION & PRODUCTION, INC. ET AL.** | SECTION "L" (2) |

## ORDER & REASONS

Before the Court is Defendants' Motion for Summary Judgment. R. Doc. 18. The motion is unopposed. Having considered the parties' arguments and the relevant law, the Court now rules as follows.

### I. BACKGROUND

This case arises from Plaintiff Winfred Turner's alleged exposure to harmful substances and chemicals after the Deepwater Horizon oil spill. R. Doc. 1 ¶ 11. Plaintiff alleges that while employed to perform response activities after the spill, he was exposed to "oil, other hydrocarbons, and other substances released from the MC252 Well, Corexit EC9500, Corexit EC9527, and other dispersants and decontaminants." R. Doc. 1 ¶ 11. Plaintiff contends that exposure to these chemicals legally and proximately caused him to develop numerous medical conditions, including chronic rhinosinusitis, chronic damage to conjunctiva, and chronic contact dermatitis. R. Doc. 1 ¶ 3.

On October 23, 2018, Plaintiff filed the instant lawsuit against Defendants BP Exploration & Production, Inc. and BP America Production Company pursuant to the Medical Benefits Class Action Settlement ("MSA") reached in *In re Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*, MDL No. 2179. R. Doc. 1 ¶ 1. Plaintiff seeks to recover

damages for medical expenses, pain and suffering, mental anguish, scarring and disfigurement, permanent disability, physical impairment, loss of enjoyment of life, other economic losses, increased risk of injury or death, medical expenses, and court costs.[1] R. Doc. 1 ¶ 17.

Defendants timely answered the complaint, admitting Plaintiff was a cleanup worker but generally denying the other allegations contained therein. R. Doc. 4. Defendants raise a number of affirmative defenses, including failure to state a claim, superseding and intervening causes, preexisting medical conditions, comparative negligence, failure to mitigate damages, and release of claims. R. Doc. 4 at 5-8.

## II. PENDING MOTION

Defendants seek summary judgment of Plaintiff's claims. R. Doc. 18. Defendants argue that summary judgment is appropriate because a Back-End Litigation Option claim, such as this one, requires Plaintiff to demonstrate that his injuries were legally caused by exposure to oil and other spill-related chemicals and substances. R. Doc. 18-1 at 2. Causation, Defendants argue, must be proven with expert testimony. R. Doc. 18-1 at 4. Because Plaintiff failed to identify any expert witnesses or disclose any expert reports by November 20th, the Court's Scheduling Order's deadline for written expert reports, R. Doc. 12, Defendants contend that Plaintiff is unable to prove causation, an essential element of his claim, as a matter of law. R. Doc. 18-1 at 5.

## III. LAW & ANALYSIS

### A. Summary Judgment Standard

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex*

---

[1] Although Plaintiff originally sought damages for lost earnings and damage to wage earnings capacity, R. Doc. 1 ¶ 17, the parties subsequently stipulated to a dismissal of those particular claims, R. Doc. 17.

*Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56(c)). "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party will bear the burden of proof at trial." *Id.* A party moving for summary judgment bears the initial burden of demonstrating the basis for summary judgment and identifying those portions of the record, discovery, and any affidavits supporting the conclusion that there is no genuine issue of material fact. *Id.* at 323. If the moving party meets that burden, then the nonmoving party must use evidence cognizable under Rule 56 to demonstrate the existence of a genuine issue of material fact. *Id.* at 324.

A genuine issue of material fact exists if a reasonable jury could return a verdict for the nonmoving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1996). "[U]nsubstantiated assertions," "conclusory allegations," and merely colorable factual bases are insufficient to defeat a motion for summary judgment. *See Hopper v. Frank*, 16 F.3d 92, 97 (5th Cir. 1994); *Anderson*, 477 U.S. at 249–50. In ruling on a summary judgment motion, a court may not resolve credibility issues or weigh evidence. *See Int'l Shortstop, Inc. v. Rally's Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991). Furthermore, a court must assess the evidence, review the facts and draw any appropriate inferences based on the evidence in the light most favorable to the party opposing summary judgment. *See Daniels v. City of Arlington*, 246 F.3d 500, 502 (5th Cir. 2001); *Reid v. State Farm Mut. Auto. Ins. Co.*, 784 F.2d 577, 578 (5th Cir. 1986).

**B. Discussion**

The MSA crafted in the *Deepwater Horizon* litigation provides defined compensation benefits to class members who did not opt-out from the Settlement and thereby surrendered their rights to sue BP for medical conditions related to the oil spill. *In re: Oil Spill by the Oil Rig*

*"Deepwater Horizon" in the Gulf of Mexico, on Apr. 20, 2010*, MDL No. 10-2179, 2016 WL 4091416, at *5 (E.D. La. Aug. 2, 2016). However, the MSA contains a significant exception known as the Back-End Litigation Option ("BELO"), which provides class members the right to sue BP for "later-manifested physical conditions" resulting from exposure to oil and other harmful chemicals. The MSA defines a later-manifested physical condition as an adverse condition allegedly caused by exposure to hazardous substances "used in connection with the Response Activities" that was diagnosed after April 16, 2012. *In re "Deepwater Horizon,"* MDL No. 10-2179, R. Doc. 6427-1 (E.D. La. May 3, 2012).

To prevail on a BELO claim, a plaintiff must demonstrate that he was diagnosed with a physical condition after April 16, 2012, and that his later-manifested physical condition was legally caused by exposure to harmful substances related to the oil spill. In other words, although Plaintiff need not prove liability, he must prove causation. *See Brown v. BP Expl. & Prod. Inc.*, No. CV 18-9927, 2019 WL 2995869, at *2 (E.D. La. July 9, 2019); *Piacun v. BP Expl. & Prod., Inc.*, No. CV 15-2963, 2016 WL 7187946, at *7 (E.D. La. Dec. 12, 2016). Courts have consistently held that "expert testimony is . . . *required* to establish causation" in toxic tort cases such as this one, because medical causation is a complex, scientific, and highly technical issue "[a] plaintiff . . . cannot expect lay fact-finders to understand." *See Seaman v. Seacor Marine LLC*, 326 F. App'x 721, 723 (5th Cir. 2009) (emphasis added); *Allen v. Pennsylvania Eng'g Corp.*, 102 F.3d 194, 199 (5th Cir. 1996) ("Scientific knowledge of the harmful level of exposure to a chemical, plus knowledge that the plaintiff was exposed to such quantities, are minimal facts necessary to sustain the plaintiffs' burden in a toxic tort case."); *Rabalais v. BP Expl. & Prod. Inc.*, No. CV 18-9718, 2019 WL 2546927, at *2 (E.D. La. June 20, 2019); *Banegas v. BP Expl. & Prod., Inc.*, No. CV 17-7429, 2019 WL 424683, at *2 (E.D. La. Feb. 4, 2019); *Cibilic v. BP Expl. & Prod.*, No. CV 15-995,

2017 WL 1064954, at *2 (E.D. La. Mar. 21, 2017) (requiring expert testimony because the "causal link between exposure to oil and dispersants and [illness] is not within the layperson's common knowledge").

In the instant case, Plaintiff has not disclosed any expert reports to Defendants by the Court's deadline of November 20, 2019, nor has he indicated that an expert witness has been retained to testify on his behalf. R. Doc. 18-1 at 5. In fact, the only document that conceivably demonstrates a link between Plaintiff's physical condition and his alleged exposure is a 2014 "diagnostic report" prepared by Dr. Charlie Le of East Jefferson Family Practice.[2] The Court notes that Dr. Le has not been offered as an expert and accordingly finds that Plaintiff's failure to identify an expert witness is fatal to his case. *See Rabalais*, 2019 WL 2546927, at *2 (considering that a medical examination report "is not competent summary judgment evidence" in a BELO case); *Banegas*, 2019 WL 424683, at *2 (declining to consider an examination report as evidence of causation "even if plaintiff were to belatedly designate his examiner . . . as a non-retained expert"). Further, Plaintiff has not opposed the motion or otherwise attempted to demonstrate causation. Because Plaintiff cannot succeed on an essential element of his BELO claim, it must be dismissed.

IV. **CONCLUSION**

Considering the foregoing,

**IT IS ORDERED** that Defendants' Motion for Summary Judgment, R. Doc. 18, is hereby **GRANTED**, and Plaintiff's claims are **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, this 18th day of December, 2019.

Eldon E. Fallon
United States District Judge

---

[2] This document, Defendants allege, is a "lawyer-generated, pre-printed form" that contains "almost no information regarding [Plaintiff's] exposure." R. Doc. 18-1 at 6.

5